# United States District Court
# Northern District of Indiana

| | |
|---|---|
| TREMAYNE B. BESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No.  3:08-CV-322 JVB |
| v. | ) |
| | ) |
| JAMES MEEHAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Tremane B. Bester, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. Bester alleges that he was denied due process of law by the members of the disciplinary hearing board. He brings the same claim against two others who reviewed his appeal from their ruling. In *Bester v. Meehan*, 3:08-cv-156 (N.D. Ind. filed March 31, 2008) (*Bester* 1), Bester brought a 42 U.S.C. § 1983 claim against these same five defendants, arising out of these same facts.

> Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted).

Here, Bester names the same defendants that he did in *Bester* 1. Both cases are brought pursuant to 42 U.S.C. § 1983 and the claims are based on the same operative facts. Final judgment was entered in *Bester* 1 on June 5, 2008 when it was dismissed pursuant to 28 U.S.C. § 1915A because Bester had not been subjected to "an atypical and significant hardship." Therefore this case is barred by the doctrine of *res judicata*. Regardless of whether Bester is bringing merely the exact same claims or he is bringing additional related claims which he could have brought in his first lawsuit, he may not bring any of them now. These claims in *Bester* 1 were dismissed by this court and are therefore barred by the doctrine of *res judicata*.

Though the court in *Bester* 1 stated that Bester might have an Eighth Amendment failure to protect claim against unnamed persons, it made clear that such a claim was not actually contained in *Bester* 1, and that because of *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), it could not have been properly included in *Bester* 1. Only because of the possibility that the undeveloped failure to protect claim against unnamed persons did the court send Bester a new complaint form.[1] In no way did the court invite Bester to re-file the dismissed claims. Nevertheless, that is all Bester has done. In this case, he has made no effort to assert a failure to protect claim against new defendants.

It is malicious to sue the same people for the same acts after those claims were dismissed. Malicious litigation is subject to being sanctioned by the court. Nevertheless the court will not impose sanctions in the hope that the punitive effect of paying two filing fees for promptly dismissed cases is sufficient. Bester was assessed $350.00 for filing *Bester* 1. He was also assessed $350.00 for filing this case. These assessments are not punishment, rather they are

---

[1] The court notes that Bester did not use the complaint form that he was sent. Rather he used an outdated, unofficial form that should have been removed from circulation many years ago.

merely the filing fees required by 28 U.S.C. § 1914 for any civil case. Because Bester is an inmate, 28 U.S.C. § 1915 did not permit these fees to be waived. Instead they were deferred and he will be paying 40% (20% per case) of any monies he receives in his inmate trust account until these fees are paid. For example, if A. Bester sends him $50.00 (which has happened twice in the past six months), he will pay $20.00 to this court ($10.00 per case); leaving him with only $30.00 to spend. Though not a sanction, $700.00 in filing fees is hopefully a deterrent to any future meritless lawsuits.

For the foregoing reasons, this case is **DISMISSED** because it is barred by the doctrine of *res judicata* and pursuant to 28 U.S.C. §1915A because it is malicious.

**SO ORDERED** on July 18, 2008.

 s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United State District Judge  
Hammond Division